# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSHUA SCOTT LEE, | ) | |
| SAMANTHA SUE LEE, | ) | |
| RANDALL TODD LEE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 4:12-cv-003-SEB-WGH |
| | ) | |
| SHANNON FAYE AMBROSE, Caseworker, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motions to Dismiss

Plaintiffs Samantha, Randall, and Joshua Lee bring this action pursuant to 42 U.S.C. § 1983 and federal criminal statutes alleging, among other things, that the defendants unlawfully entered their home. Defendants Shannon Faye Ambrose, Dale L. Stroud, and Paul J. (Jim) Miller (the "State Defendants") and defendant Ray E. Saylor have filed motions to dismiss. The defendants argue that the complaint fails to state a claim upon which relief can be granted. The plaintiffs have not opposed either motion to dismiss.

## Legal Standard

When reviewing a motion to dismiss, a court considers as true all well pleaded allegations as well as any inferences reasonably drawn therefrom. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). The purpose of a motion to dismiss is not to determine whether a plaintiff will ultimately succeed, but whether the complaint sufficiently asserts facts, which when accepted as true, state a valid and plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (internal quotation omitted). If a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006); *Tamayo,* 526 F.3d at 1086. *Pro se* complaints such as that filed by the plaintiffs are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## Discussion

### *Fourth Amendment Claims*

*Town Marshall Ray Saylor*

While 42 U.S.C. § 1983 does not itself give rise to a private right of action, it "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). The plaintiffs allege that their Fourth Amendment rights were violated when Milltown Town Marshall Saylor entered their house on January 6, 2010, without a warrant.

It is true that the complaint alleges that when Marshall Saylor first came to the house, he had no warrant and Samantha Lee denied him entry. The complaint further alleges, however, that Samantha Lee informed Marshall Saylor that he could come back to the house two hours later to allow her family time to finish cleaning their basement. When Marshall Saylor returned, the Lee family allowed him to enter the house. "The Fourth Amendment's probable cause and warrant requirements do not apply where an authorized party voluntarily consents to a search." *United States v. Johnson,* 427 F.3d 1053, 1056 (7th Cir. 2005). The complaint fails to allege a Fourth Amendment violation by Marshall Saylor.

*The State Defendants*

The complaint alleges that on January 13, 2010, Department of Child Services caseworker Shannon Ambrose ("Ambrose") called Samantha Lee and told her that Ambrose was coming to the house because she needed to speak with Lee. When Ambrose arrived with her supervisor (presumably Dale Stroud), Randall Lee opened the door and let them in. To the extent there is any Fourth Amendment allegation, such a claim is not supported by the facts alleged. Again, consent was given to Ambrose and Stroud to enter the home. *Johnson*, 427 F.3d at 1056. The complaint does not allege any unlawful entry on the part of defendant Paul Miller, Director of the Department of Child Services. For these reasons, the complaint fails to state a claim pursuant to the Fourth Amendment against the State Defendants.

### *Criminal Statutory Claims*

The plaintiffs also allege that the defendants violated several federal criminal statutes: 18 U.S.C. §§ 241, 242, 1001, and 1203. The complaint fails to state a claim upon which relief can be granted because criminal statutes do not provide a private cause of action for civil liability. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (7th Cir. 2007) (violations of criminal statutes 18 U.S.C. §§ 241, 371, 1001, 1341, and 1503 are not enforceable through a civil action); *Federal Sav. & Loan Ins. Corp. v.*

*Reeves,* 816 F.2d 130, 137-38 (4th Cir. 1987) (no private action for violations of 18 U.S.C. §§ 657, 1001, 1006, 1008, 1014); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis of a civil suit).

## Conclusion

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008). That is what has occurred in this case.

The defendants' unopposed motions to dismiss [15, 21] are **granted.** Any amendment of the complaint as to either claim would be futile, and therefore the dismissal is with prejudice. *See Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013). Judgment consistent with this Entry and with the Entry issued on January 25, 2012, dismissing claims purportedly brought on behalf of minor children, shall now issue.

**IT IS SO ORDERED.**

Date: 03/18/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Samantha Sue Lee
5725 Milltown Frenchtown Road
Depauw, IN 47115

Randall Todd Lee
5725 Milltown Frenchtown Road
Depauw, IN 47115

Joshua Scott Lee
5725 Milltown Frenchtown Road
Depauw, IN 47115

All Electronically Registered Counsel